IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CONNIE MARTINEZ and<br>JOSE MARTINEZ,<br><br>        Plaintiffs,<br><br>    v.<br><br>SCC FLORIN ROAD BINGO;<br>SACRAMENTO CONSOLIDATED<br>CHARITIES; KEVIN BEERS;<br>SHAWN MARTINEZ; ARC<br>PROPERTIES, INC.; AND DOES<br>1-10, INCLUSIVE,<br><br>        Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:10-cv-01647-GEB-GGH<br><br><br>STATUS (PRETRIAL SCHEDULING)<br>ORDER |

        The status (pretrial scheduling) conference scheduled for November 15, 2010, is vacated since the parties' Joint Status Report filed on October 29, 2010 ("JSR") indicates that the following Order should issue.

DOE DEFENDANTS

        Plaintiffs indicate in the JSR that they "will need to take several depositions to identify 'Doe' defendants in this case, which Plaintiffs anticipate can be completed by April 15, 2011." (ECF No. 16, 10:18-20.)

        Plaintiff has until April 15, 2011, to file a motion in which leave is sought under Federal Rule of Civil Procedure 15(a) that would authorize Plaintiff to add a party or parties to this action.  The

1

motion must be noticed for hearing on the Court's earliest available law and motion date. If leave is not sought as stated, Does 1 through 10 will be automatically dismissed from this action.

<u>ADDED DEFENDANT'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER</u>

If Plaintiffs substitute a named defendant in place of a Doe defendant, a copy of this Order shall be served on that defendant concurrently with the service of process.

That defendant has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order." Although a newly-joined party's proposed modification filed within this thirty day period will not have to meet the good cause standard, no further amendments will be permitted, except with leave of Court for good cause shown.

<u>SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court for good cause shown.

<u>DISCOVERY</u>

All discovery shall be completed by August 24, 2011. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(c)(i)'s initial expert witness disclosure requirements on or before March 14, 2011, and any contradictory and/or rebuttal expert

1  disclosure authorized under Rule 26(a)(2)(c)(ii) on or before April 12,
2  2011.

3                          MOTION HEARING SCHEDULE

4       The last hearing date for motions shall be October 24, 2011,
5  at 9:00 a.m.[1]

6       Motions shall be filed in accordance with Local Rule 230(b).
7  Opposition papers shall be filed in accordance with Local Rule 230(c).
8  **Failure to comply with this local rule may be deemed consent to the**
9  **motion and the Court may dispose of the motion summarily**. Brydges v.
10 Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994).  Further, failure to timely
11 oppose a summary judgment motion may result in the granting of that
12 motion if the movant shifts the burden to the nonmovant to demonstrate
13 a genuine issue of material fact remains for trial.  Cf. Marshall v.
14 Gates, 44 F.3d 722 (9th Cir. 1995).

15      The parties are cautioned that an untimely motion
16 characterized as a motion in limine may be summarily denied.  A motion
17 in limine addresses the admissibility of evidence.

18                        FINAL PRETRIAL CONFERENCE

19      The final pretrial conference is set for December 19, 2011, at
20 11:00 a.m.  The parties are cautioned that the lead attorney who WILL
21 TRY THE CASE for each party shall attend the final pretrial conference.
22 In addition, all persons representing themselves and appearing in
23 propria persona must attend the pretrial conference.

24      The parties are warned that **non-trial worthy issues could be**
25 **eliminated *sua sponte*** "[i]f the pretrial conference discloses that no

26
27 ─────────────
28      [1]  This time deadline does not apply to motions for continuances,
   temporary restraining orders, emergency applications, or motions under
   Rule 16(e) of the Federal Rules of Civil Procedure.

material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a **JOINT** pretrial statement no later than seven (7) calendar days prior to the final pretrial conference. The joint pretrial statement shall specify the issues for trial, including a description of each theory of liability and affirmative defense, and shall estimate the length of the trial.[2] The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

TRIAL SETTING

Trial shall commence at 9:00 a.m. on March 20, 2012.

Dated:  November 9, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[2] **The joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.**

4