1   PAUL L. REIN, Esq. (SBN 43053)
    CELIA MCGUINNESS, Esq. (SBN 159420)
2   CATHERINE M. CABALO, Esq. (SBN 248198)
    LAW OFFICES OF PAUL L. REIN
3   200 Lakeside Drive, Suite A
    Oakland, CA  94612
4   Telephone:  510/832-5001
    Facsimile:   510/832-4787
5   reinlawoffice@aol.com

6   Attorneys for Plaintiffs
    CONNIE MARTINEZ and
7   JOSE MARTINEZ

8

9   SCOTT E. COFER, Esq.
    GREVE, CLIFFORD, WENGEL & PARAS, LLP
    2870 Gateway Oaks Drive, Suite 210
10  Sacramento, CA 95833
    Telephone:  916/443-2011
11  Facsimile:   916/441-7457

12  Attorneys for Defendants
    SCC FLORIN ROAD BINGO, SACRAMENTO
13  CONSOLIDATED CHARITIES, KEVIN BEERS,
    AND SHAWN MARTINEZ
14

15              IN THE UNITED STATES DISTRICT COURT

16          IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

17

18  CONNIE MARTINEZ and          Case No. 2:10-cv-01647 GEB-GGH
    JOSE MARTINEZ,
19                               Civil Rights
            Plaintiffs,
20                               CONSENT DECREE AND
    v.                           [PROPOSED] ORDER AS TO
21                               DEFENDANTS SCC FLORIN
    SCC FLORIN ROAD BINGO;       ROAD BINGO, SACRAMENTO
22  SACRAMENTO                   CONSOLIDATED CHARITIES,
    CONSOLIDATED CHARITIES;      KEVIN BEERS, AND SHAWN
23  KEVIN BEERS; SHAWN           MARTINEZ RELATED TO
    MARTINEZ; ARC PROPERTIES,    INJUNCTIVE RELIEF ONLY
24  INC.; AND DOES 1-10,
    INCLUSIVE,
25
            Defendants.
26  _____/

27

28
    CONSENT DECREE &
    [PROPOSED] ORDER
    Case No. 2:10-cv-01647 GEB-GGH
    S:\CASES\F\FLORIN RD BINGO\PLEADINGS\Consent Decree & Order\FRB Defendants\20110822 Consent Decree & Order RE FRB only (FINAL).doc

1.      Plaintiffs CONNIE MARTINEZ and JOSE MARTINEZ (together "Plaintiffs") filed a Complaint in this action on June 28, 2010, to obtain recovery of damages for their discriminatory experiences, denial of access, and denial of their civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against Defendants SCC FLORIN ROAD BINGO; SACRAMENTO CONSOLIDATED CHARITIES; KEVIN BEERS; SHAWN MARTINEZ; and ARC PROPERTIES, INC., relating to the condition of Defendants' public accommodations as of October 4, 2009, and continuing.  Plaintiffs have alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 2350 and 2326 Florin Road, Sacramento, California.

2.      Plaintiffs and defendants SCC FLORIN ROAD BINGO; SACRAMENTO CONSOLIDATED CHARITIES; KEVIN BEERS; SHAWN MARTINEZ **only** (these defendants together hereinafter the "Defendants" and Plaintiffs and Defendants hereinafter the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit as to Defendants without the need for protracted litigation.

- 2 -

1    3.    Defendants have denied, and continue to deny, Plaintiffs' claims, and

2    deny that Defendants have any legal or equitable responsibility for the damages

3    alleged by Plaintiffs.  After considering the substantial expense and uncertainty
4
5    associated with litigation, the Parties desire to settle all claims and disputes

6    Plaintiffs may have with the "Released Parties."  The "Released Parties" shall

7    collectively include each of Defendants and their respect employees, attorneys,
8
9    agents, officers, directors, successors, predecessors, subsidiaries, divisions,

10   affiliates, individuals, firms, insurance companies, reinsurance companies and

11   third-party administrators.  The Released Parties and Plaintiff shall be referred to
12
13   together as the "Parties."

14

15   **JURISDICTION:**
16

17   4.    The Parties to this Consent Decree and Order agree that the Court has

18   jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations

19   of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.,*
20
21   and pursuant to supplemental jurisdiction for alleged violations of California

22   Health & Safety Code sections 19955 *et seq.*; and California Civil Code sections
23
24   51, 52, 54, 54.1, 54.3, and 55.

25   5.    In order to avoid the costs, expense, and uncertainty of protracted

26   litigation, the Parties to this Consent Decree and Order agree to entry of this

27

- 3 -

28   CONSENT DECREE &
     [PROPOSED] ORDER
     Case No. 2:10-cv-01647 GEB-GGH
     S:\CASES\F\FLORIN RD BINGO\PLEADINGS\Consent Decree & Order\FRB Defendants\20110822 Consent Decree & Order RE FRB only (FINAL).doc

1   Consent Decree and Order to resolve injunctive relief claims against Defendants

2   raised in the Complaint filed with this Court and any claims relating to the subject

3
    facility which could have been raised in the Complaint and asserted against any of
4

5   defendants SCC FLORIN ROAD BINGO; SACRAMENTO CONSOLIDATED

6   CHARITIES; KEVIN BEERS; SHAWN MARTINEZ.  Accordingly, the Parties

7
    agree to the entry of this Consent Decree and Order without trial or further
8

9   adjudication of any issues of fact or law concerning Plaintiffs' injunctive relief

10  claims against Defendants.

11
        WHEREFORE, the Parties to this Consent Decree and Order hereby agree
12

13  and stipulate to the Court's entry of this Consent Decree and Order, which

14  provides as follows:

15

16

17  **SETTLEMENT OF INJUNCTIVE RELIEF:**

18      6.      This Consent Decree and Order shall be a full, complete, and final

19
    disposition and settlement of Plaintiffs' claims against Defendants for injunctive
20

21  relief that have arisen out of the subject Complaint.  Plaintiffs expressly waive any

22  claims for any further alterations to the subject property against Defendants which

23
    could have been brought prior to the effective date of this Consent Decree.
24

25      7.      The Parties agree and stipulate that the corrective work will be

26  performed in compliance with the standards and specifications for disabled access

27

28
                                    - 4 -
    CONSENT DECREE &
    [PROPOSED] ORDER
    Case No. 2:10-cv-01647 GEB-GGH
    S:\CASES\F\FLORIN RD BINGO\PLEADINGS\Consent Decree & Order\FRB Defendants\20110822 Consent Decree & Order RE FRB only (FINAL).doc

as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

a)   **Remedial Measures:**  Defendants will perform corrective work at 2350 Florin Road, Sacramento, California.  The corrective work agreed upon by the Parties is set forth in **Attachment A**, attached and incorporated herewith. Defendants agree to undertake all of the respective remedial work as set forth therein.  Defendants further agree to policy changes set forth in **Attachment B**, attached and incorporated herewith.

b)   **Timing of Injunctive Relief:**   Defendants will submit any necessary plans for the corrective work to the appropriate governmental agencies within 60 days of the entry of this Consent Decree by the Court.  Defendants will commence work within 30 days of receiving approval from the appropriate agencies.  Defendants will complete all work within 120 days of commencement of work.  In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiffs' counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify Plaintiffs' counsel when the corrective work is completed, and in any case will provide a status report no later than 120 days from the entry of this Consent Decree.

- 5 -

1          c)       If Defendants fail to provide injunctive relief on the agreed-to

2  timetable and/or fail to provide timely written status notification, and Plaintiffs file

3
4  a motion with the Court to obtain compliance with these terms, Plaintiffs reserve

5  the right to seek additional attorney fees for all compliance work necessitated by

6  Defendants' failure to keep their agreement.

7

8

9  **DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

10      8.     The Parties have not reached any agreement regarding Plaintiffs'

11
12  claims for damages, attorneys' fees, litigation expenses and costs.  These matters

13  will be the subject of future negotiation or litigation as necessary.  The Parties

14  jointly stipulate and request that the Court not dismiss the case as these significant

15
16  issues remain unresolved.

17

18  **ENTIRE CONSENT ORDER:**

19
20      9.     This Consent Decree and Order, **Attachment A**, and **Attachment B**

21  constitute the entire agreement between the signing Parties on the matters of

22  injunctive relief, and no other statement, promise or agreement, either written or

23
24  oral, made by any of the Parties or agents of any of the Parties that is not contained

25  in this written Consent Decree and Order shall be enforceable regarding the

26  matters of injunctive relief described herein.  This Consent Decree and Order

27

28                            - 6 -

1   applies to Plaintiffs' claims for injunctive relief only and does not resolve

2   Plaintiffs' claims for damages, attorney fees, litigation expenses and costs, which

3
4   shall be the subject of further negotiation and/or litigation.  The Parties stipulate

5   that all Parties request that the Court not dismiss the case, as issues of statutory

6   damages, attorney fees, litigation expenses, and costs are still before the Court.

7

8
9   **CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

10      10.    This Consent Decree and Order shall be binding on Plaintiffs and

11
12   upon Defendants and any successors in interest.  Defendants have a duty to so

13   notify all such successors in interest of the existence and terms of this Consent

14   Decree and Order during the period of the Court's jurisdiction of this Consent

15
16   Decree and Order.

17

18   **MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**
19

20      11.    Each of the Parties to this Consent Decree and Order understands and

21
22   agrees that there is a risk and possibility that, subsequent to the execution of this

23   Consent Decree and Order, any or all of them will incur, suffer or experience some

24   further loss or damage with respect to the lawsuit which are unknown or

25
26   unanticipated at the time this Consent Decree and Order is signed.  Except for all

27   obligations required in this Consent Decree and Order, the Parties intend that this

- 7 -

28   CONSENT DECREE &
     [PROPOSED] ORDER
     Case No. 2:10-cv-01647 GEB-GGH
     S:\CASES\F\FLORIN RD BINGO\PLEADINGS\Consent Decree & Order\FRB Defendants\20110822 Consent Decree & Order RE FRB only (FINAL).doc

1  Consent Decree and Order apply to all such further loss with respect to the lawsuit,

2  except those caused by the Parties subsequent to the execution of this Consent

3
   Decree and Order.  Therefore, except for all obligations required in this Consent
4

5  Decree and Order, this Consent Decree and Order shall apply to and cover any and

6  all claims, demands, actions and causes of action by the Parties to this Consent

7
   Decree and Order with respect to the lawsuit, whether the same are known,
8

9  unknown or hereafter discovered or ascertained, and the provisions of Section

10 1542 of the California Civil Code are hereby expressly waived.  Section 1542

11
   provides as follows:
12

13          **A GENERAL RELEASE DOES NOT EXTEND TO
            CLAIMS WHICH THE CREDITOR DOES NOT
14          KNOW OR SUSPECT TO EXIST IN HIS OR HER
            FAVOR AT THE TIME OF EXECUTING THE
15          RELEASE, WHICH IF KNOWN BY HIM OR HER
            MUST HAVE MATERIALLY AFFECTED HIS
16          SETTLEMENT WITH THE DEBTOR.**

17 This waiver applies to the injunctive relief aspects of this action only and does not

18
   include resolution of Plaintiffs' claims for damages, attorney fees, litigation
19

20 expenses and costs.

21      12.     Except for all obligations required in this Consent Decree and Order –

22
   and exclusive of the referenced continuing claims for damages, statutory attorney
23

24 fees, litigation expenses and costs – each of the Parties to this Consent Decree and

25 Order, on behalf of themselves, their respective agents, representatives,

26
   predecessors, successors, heirs, partners and assigns, releases and forever
27

                                      - 8 -
28

discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

13.     This Consent Decree and Order shall be in full force and effect for a period of eighteen (18) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Consent Decree and Order is completed and payment for damages, attorney fees, and litigation expenses and costs is made in full, whichever occurs later.  The Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order for eighteen (18) months after the date of this Consent Decree and Order, or until the injunctive relief contemplated by this Consent Decree and Order is completed and payment for damages, attorney fees, and litigation expenses and costs is made in full, whichever occurs later.

//

CONSENT DECREE &
[PROPOSED] ORDER
Case No. 2:10-cv-01647 GEB-GGH
S:\CASES\F\FLORIN RD BINGO\PLEADINGS\Consent Decree & Order\FRB Defendants\20110822 Consent Decree & Order RE FRB only (FINAL).doc

**SEVERABILITY:**

14.    If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

15.    Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

- 10 -

1

2    Dated: _8-25_____ , 2011    PLAINTIFF CONNIE MARTINEZ

3

4                                            _Connie Martinez_
5                                            CONNIE MARTINEZ

6

7    Dated: _8 - 23 -_ , 2011    PLAINTIFF JOSE MARTINEZ

8

9                                            _Jose Martinez_
10                                           JOSE MARTINEZ

11

12   Dated: _Aug 23___ , 2011    DEFENDANT SCC FLORIN ROAD BINGO

13

14                              By: _____

15                              Print name: _Kevin Beers_____

16
17                              Title: _President_____

18

19   Dated: _Aug. 23___ , 2011   DEFENDANT SACRAMENTO
                                 CONSOLIDATED CHARITIES
20

21

22                              By: _____

23                              Print name: _Kevin Beers_____

24
                                Title: _President_____
25

26

27                                        - 11 -

28

1  Dated: _Aug. 23_, 2011    DEFENDANT KEVIN BEERS

2

3                             _____
                              KEVIN BEERS
4

5  Dated: _Aug 23_, 2011      DEFENDANT SHAWN MARTINEZ

6

7                             _____
8                             SHAWN MARTINEZ

9  APPROVED AS TO FORM:

10

11 Dated: _8/23_, 2011         LAW OFFICES OF PAUL L. REIN

12

13

14                            By: _____
15                                 Catherine M. Cabalo, Esq.
16                                 Attorneys for Plaintiffs
17                                 CONNIE MARTINEZ and JOSE MARTINEZ

18

19

20 Dated: _Aug 23_, 2011       GREVE, CLIFFORD, WENGEL & PARAS, LLP

21

22                            By: _____
23                                 Scott E. Cofer, Esq.
24                                 Attorneys for Defendants
25                                 SCC FLORIN ROAD BINGO;
                                   SACRAMENTO CONSOLIDATED
26                                 CHARITIES; KEVIN BEERS; and SHAWN
27                                 MARTINEZ

                                         - 12 -
28

1

2

**ORDER**

3

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

4

5   Dated: Aug. 25, 2011

GREGORY G. HOLLOWS

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

- 13 -

28
CONSENT DECREE &
[PROPOSED] ORDER
Case No. 2:10-cv-01647 GEB-GGH
S:\CASES\F\FLORIN RD BINGO\PLEADINGS\Consent Decree & Order\FRB Defendants\20110822 Consent Decree & Order RE FRB only (FINAL).doc